# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JANETTE CROLEY, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | No. 12-1101-JWL |
| ) | |
| CAROLYN W. COLVIN,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Social Security disability benefits (SSD) and Supplemental Security income benefits (SSI) under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act.  42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act).  Finding no error in the Commissioner's final decision, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING that decision.

## I.    Background

---

[1]On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security.  In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Colvin is substituted for Commissioner Michael J. Astrue as the defendant.  In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

Plaintiff applied for both SSD and SSI in August, 2009, alleging disability beginning July 25, 2009.  (R. 23, 149-59).  The applications were denied initially and upon reconsideration, and Plaintiff requested a hearing before an Administrative Law Judge (ALJ).  (R. 23, 64-65, 88-89).  Plaintiff's request was granted, and Plaintiff appeared with counsel for a hearing before ALJ Michael B. Werner on March 28, 2011. (R. 23, 33).  At the hearing, testimony was taken from Plaintiff and from a vocational expert.  (R. 23, 33-63).  On April 22, 2011, ALJ Werner issued a decision finding that Plaintiff meets the insured status requirements of the Act through December 31, 2013 and that she has not engaged in substantial gainful activity since her alleged onset date of July 25, 2009.  (R. 23-25).  He determined that Plaintiff has impairments including severe impairments of chronic obstructive pulmonary disease (COPD) and non-obstructive arteriosclerotic heart disease, but that her impairments do not meet or medically equal the severity of any listed impairment.  (R. 25-27).  He determined that Plaintiff is able to perform a full range of sedentary work with significant postural and environmental limitations caused by her impairments.  (R. 27-31).

In assessing Plaintiff's residual functional capacity (RFC), the ALJ summarized and discussed much of the evidentiary record in this case.  Id.  In doing so, he determined that Plaintiff's allegations regarding the severity and limiting effects of the symptoms caused by her impairments are not credible.  Id. at 28.  Nonetheless, he credited her statements that she can lift 10 pounds, and that she can stand 30 minutes to prepare light meals and 1-2 hours to prepare larger meals, and that she can shop 2-3 hours without

using an assistive device.  Id. at 29.  The ALJ also considered the opinion evidence, specifically noting that no treating or nontreating source has suggested Plaintiff is disabled, or suggested limitations more restrictive than those included in the RFC assessed by the ALJ.  (R. 31).  The ALJ accorded "some weight" to the opinion of the nontreating consultative psychologist, but found that the psychologist's opinion overstated Plaintiff's limitations regarding complex tasks.  Id.  The ALJ noted that he adopted the medical opinion of the state agency nonexamining psychologist, and accorded that opinion "substantial weight."  Id.  He acknowledged a "third party function report" completed by Plaintiff's mother, Sue Hill, and accorded it only "little weight" because it is a lay opinion based on observation rather than medical evidence and testing, it is based on family loyalties, and it does not outweigh the accumulated medical evidence.  Id.

The ALJ found that Plaintiff is able to perform her past relevant work as a customer service representative both as it is generally performed, and as she actually performed it.  (R. 31-32).  Consequently, he determined Plaintiff is not disabled within the meaning of the Social Security Act, and denied her applications.  Id. at 32.

Plaintiff sought review of the ALJ's decision and submitted a Representative Brief to the Appeals Council.  (R. 16-19, 283-85).  The Appeals Council made the Brief a part of the administrative record, but determined it did not provide a basis for changing the ALJ's decision, found no reason under the rules of the Social Security Administration to review the decision, and denied Plaintiff's request.  (R. 1-5).  Therefore, the ALJ's

decision is the final decision of the Commissioner.  (R. 1); <u>Blea v. Barnhart</u>, 466 F.3d 903, 908 (10th Cir. 2006).  Plaintiff now seeks judicial review of that decision.  (Doc. 1).

## II.   Legal Standard

The court's jurisdiction and review are guided by the Act.  <u>Weinberger v. Salfi</u>, 422 U.S. 749, 763 (1975) (citing 42 U.S.C. § 405(g)); <u>Wall v. Astrue</u>, 561 F.3d 1048, 1052 (10th Cir. 2009) (same); <u>Brandtner v. Dep't of Health and Human Servs.</u>, 150 F.3d 1306, 1307 (10th Cir. 1998) (sole jurisdictional basis in social security cases is 42 U.S.C. § 405(g); <u>see also</u>, 42 U.S.C. § 1383(c)(3) (SSI decision "shall be subject to judicial review as provided in section 405(g)").  Section 405(g) provides for review of a final decision of the Commissioner made after a hearing in which the Plaintiff was a party.  It also provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard.  <u>Lax v. Astrue</u>, 489 F.3d 1080, 1084 (10th Cir. 2007); <u>accord</u>, <u>White v. Barnhart</u>, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion.  <u>Wall</u>, 561 F.3d at 1052; <u>Gossett v. Bowen</u>, 862 F.2d 802, 804 (10th Cir. 1988).  The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." <u>Bowman v. Astrue</u>, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting <u>Casias v. Sec'y of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991)); <u>accord</u>, <u>Hackett v.</u>

4

Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Whether substantial evidence supports

the Commissioner's decision is not simply a quantitative exercise, for evidence is not

substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.

Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

      An individual is under a disability only if that individual can establish that she has

a physical or mental impairment which prevents her from engaging in any substantial

gainful activity, and which is expected to result in death or to last for a continuous period

of at least twelve months.  Thompson v. Sullivan, 987 F.2d 1482, 1486 (10th Cir. 1993)

(citing 42 U.S.C. § 423(d)); see also, Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir.

1985) (quoting identical definitions of a disabled individual from both 42 U.S.C.

§§ 423(d)(1) and 1382c(a)(3)(A));  accord, Lax, 489 F.3d at 1084 (citing 42 U.S.C.

§§ 423(d)(1)(A), 1382c(a)(3)(A)).  The claimant's impairments must be of such severity

that she is not only unable to perform her past relevant work, but cannot, considering her

age, education, and work experience, engage in any other substantial gainful work

existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

      The Commissioner uses a five-step sequential process to evaluate disability.  20

C.F.R. §§ 404.1520, 416.920;[2] Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010)

(citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can

---

[2]The Commissioner's decision in this case was issued on April 22, 2011 and, unless otherwise noted, all citations to the Code of Federal Regulations in this opinion refer to the 2011 edition of 20 C.F.R. Parts 400 to 499, Revised as of April 1, 2011.

be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's RFC. 20 C.F.R. §§ 404.1520(e), 416.920(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining whether claimant can perform past relevant work; and whether, considering vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy within Plaintiff's capability. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999). The decision in this case was made at step four. (R. 31-32).

Plaintiff's only claim of error is that the ALJ erred in weighing the lay opinion of Plaintiff's mother, Sue Hill. But she argues three bases for asserting error in the ALJ's

evaluation.  (Pl. Br. 4).  She first argues that the rulings and regulations do not require that lay testimony be given "little weight" just because it is not based on objective testing. Id. 5-6 (citing King v. Astrue, No. 11-2300-JTM, 2012 WL 1231836, 2012 U.S. Dist. LEXIS 51178 (D. Kan. Apr. 12, 2012)).  Next, Plaintiff argues that Plaintiff's mother's statement is entitled to weight pursuant to Social Security Ruling (hereinafter SSR) 06-03p. Id. at 6.  Finally, she argues that discounting lay testimony because it is based on casual observation rather than medical testing is error because that reasoning would apply to all lay testimony and because it is impractical to expect medical testing from a lay witness.  Id. at 7-9 (citing Bruce v. Astrue, 557 F.3d 1113, 1116 (9th Cir. 2009); Hopper v. Astrue, No. CIV-09-263-SPS, 2011 U.S. Dist. LEXIS 34678 at *14-15 (E.D. Okla, Mar. 31, 2011); Spicer v. Astrue, Civ. A. No. 1:08CV357-SRW, 2010 WL 4176313, 2010 U.S. Dist. LEXIS 110697 (M.D. Ala. Oct. 18, 2010)).

The Commissioner argues that the ALJ considered Plaintiff's mother's statement in accordance with the regulations and the case law, and that substantial record evidence supports the ALJ's evaluation.  (Comm'r Br. 8-16).  He points to record evidence which in his view supports the ALJ's evaluation of Plaintiff's mother's statement, argues that the ALJ applied SSR 06-03p in his evaluation, and distinguishes the cases cited in Plaintiff's Brief.  Id. at 8-14.  He argues that an ALJ need not set out specific reasons for discounting third-party opinions and points out that the Tenth Circuit has rejected such a rule, "particularly where the written decision reflects that the ALJ considered the testimony."  (Comm'r Br. 15) (quoting Adams v. Chater, 93 F.3d 712, 715 (10th Cir.

1996)).  Finally, he argues that Plaintiff has not shown any prejudice even if there was error in evaluating her mother's statement.  Id. at 16.

In her Reply Brief, Plaintiff argues that the record evidence cited by the Commissioner in support of the ALJ's evaluation is improper post hoc justification of the ALJ's evaluation.  (Reply 1-2).  She also argues that there is no evidence to support the ALJ's finding that her mother's statement was based on "loyalties of family."  Id. at 2. The court finds no error in the ALJ's evaluation of Ms. Hill's statement.

## III.    Discussion

As Plaintiff's brief suggests, SSR 06-03p "clarifies how [the Social Security Administration] consider[s] opinions from sources who are not 'acceptable medical sources.' "  West's Soc. Sec. Reporting Serv., Rulings 327 (Supp. 2012).  The ruling notes that in deciding disability, the regulations require the Commissioner to consider medical and other evidence.  Id. at 328 (citing 20 C.F.R. §§ 404.1512, 404.1513, 416.912, 416.913).  It notes that the evidence to be considered includes opinion evidence from "acceptable medical sources," from "other" medical sources, from "non-medical sources" who have contact with the claimant in their professional capacity, and from "other" non-medical sources such as spouses, parents, friends, and neighbors.  Id. at 328-33.  The ruling acknowledges the regulatory factors set forth at 20 C.F.R. §§ 404.1527(d) and 416.927(d) for evaluating "medical opinions" provided by "acceptable medical sources," and recognizes that those "factors represent basic principles that apply to the consideration of all opinions from medical sources who are not 'acceptable medical

sources' as well as from 'other sources,' such as teachers and school counselors, who have seen the individual in their professional capacity."  West's Soc. Sec. Reporting Serv., Rulings 331-32 (Supp. 2012) (emphasis added).  The ruling does not require application of the regulatory factors for weighing medical opinions to the ALJ's consideration of the opinions of "other" non-medical sources such as spouses, parents, friends, and neighbors.  It specifically explains that when "considering evidence from 'non-medical sources' who have <u>not</u> seen the individual in a professional capacity in connection with their impairments, such as spouses, parents, friends, and neighbors, it would be appropriate to consider such factors as the nature and extent of the relationship, whether the evidence is consistent with other evidence, and any other factors that tend to support or refute the evidence."  <u>Id.</u> at 333 (emphasis added).

The ruling also specifically provides an "Explanation of the Consideration Given to Opinions from 'Other Sources:' "

> Since there is a requirement to <u>consider</u> all relevant evidence in an individual's case record, the case record should reflect the consideration of opinions <u>from medical sources who are not "acceptable medical sources" and from "non-medical sources" who have seen the claimant in their professional capacity</u>.  Although there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision, the adjudicator generally should explain the weight given to opinions from <u>these</u> "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.

Id. (underlining added for emphasis).  As this quotation reveals, the regulations and the ruling do not preclude an ALJ from explaining in his decision the weight accorded the opinion of "other" non-medical sources such as spouses, parents, friends, and neighbors, but they do not require such an explanation, as they do for all opinions from professional and medical sources.  As to the opinions of "other" non-medical sources such as spouses, parents, friends, and neighbors, the regulations and the ruling require only that they be considered in reaching the decision.

This understanding is consistent with longstanding law in the Tenth Circuit.  In the Tenth Circuit, an ALJ is not required to make specific, written findings regarding each lay witness's opinion when the written decision reflects that the ALJ considered the testimony.  Blea, 466 F.3d at 914-15; Adams, 93 F.3d at 715.  In Adams, the court "decline[d] claimant's invitation to adopt a rule requiring an ALJ to make specific written findings of each witness's credibility, particularly where the written decision reflects that the ALJ considered the testimony."  93 F.3d at 715.  The Adams court found "that the ALJ considered the testimony of claimant's wife in making his decision because he specifically referred to it in his written opinion," and the court found no error in the ALJ's failure to make specific, written findings regarding that testimony.  Id.  Thirteen years later, the Tenth Circuit confirmed the rule that an ALJ is not required to make specific written findings regarding third-party testimony so long as the written decision reflects that the ALJ considered that testimony.  Blea, 466 F.3d at 915.

10

In <u>Blea</u>, the plaintiff argued that remand was necessary because the ALJ failed to discuss or consider the lay testimony of the plaintiff's wife. <u>Blea</u>, 466 F.3d at 914. The Commissioner's decision in <u>Blea</u> did not mention any particulars of Mrs. Blea's testimony, and never even mentioned that she had testified regarding the nature and severity of her husband's impairments. <u>Id.</u> at 914. The Commissioner asserted that there was no reversible error because the ALJ is not required to make written findings about each witness's credibility. <u>Id.</u> The court noted that the Commissioner had stated only part of the rule in this circuit and corrected the Commissioner, "[i]n actuality, the ALJ is not required to make specific written findings of credibility only if 'the written decision reflects that the ALJ considered the testimony.'" <u>Id.</u> at 915 (quoting <u>Adams</u>, 93 F.3d at 715). The <u>Blea</u> court noted that the ALJ had not mentioned Mrs. Blea's testimony or referred to the substance of her testimony anywhere in the written decision, and concluded that "it is not at all clear that the ALJ considered Mrs. Blea's testimony in making his decision." <u>Id.</u> (internal quotation marks, brackets, and citation omitted). Therefore, the case was remanded to consider Mrs. Blea's testimony properly. <u>Id.</u>

Thus, the law in the Tenth Circuit is clear with regard to opinion testimony or statements from lay witnesses such as spouses, parents, friends, and neighbors. The decision must reflect that the ALJ included the opinion in his consideration of disability, but he need not specify the weight accorded to that opinion. Nonetheless, he <u>may</u> do so in explaining the rationale for his decision.

Plaintiff's argument that Ms. Hill's statement is "entitled to weight under [SSR] 06-03p" is without merit. She argued that the ALJ "never commented as to how Hill's testimony was inconsistent with the record, or whether he credited any of her statements regarding Croley's functioning." (Pl. Br. 6). However, as the discussion of the legal standard above reveals, the ALJ is not required to comment <u>at all</u> regarding his consideration of lay opinions so long as the decision affirmatively shows that his consideration included that opinion. Nevertheless, in this case the ALJ explained his reasons for according "little weight" to Ms. Hill's opinion. Contrary to Plaintiff's assertion that "the ALJ's decision does not reflect any consideration of the factors recommended by Ruling 06-03p" (Pl. Br. 6), the decision includes the ALJ's findings that Ms. Hill's opinion is "based upon loyalties of family," and that it "does not outweigh the accumulated medical evidence regarding . . . claimant's limitations." (R. 31). These are precisely the two factors specifically recommended by SSR 06-03p for evaluating lay opinions: "the nature and extent of the relationship," and "whether the evidence is consistent with other evidence." West's Soc. Sec. Reporting Serv., Rulings 333 (Supp. 2012). The ALJ provided the consideration of Ms. Hill's testimony required by SSR 06-03p--and more!

Plaintiff argues that the first reason given by the ALJ to discount Ms. Hill's opinion (it is a lay opinion based on casual observation rather than objective medical and testing) is erroneous both because it "applies generally to all lay witness testimony" (Pl. Br. 7), and because "medical testing from a lay witness . . . is impractical." <u>Id.</u> at 9.

Plaintiff is correct in her assertions that such a finding applies to all lay opinions and that it is nonsensical to expect lay opinions to be based on medical evidence or medical testing.  Nonetheless, those facts do not require finding error in the ALJ's decision.

The Commissioner has carefully crafted a hierarchy for opinion evidence, to assist in deciding Social Security disability cases.  See, e.g., 20 C.F.R. §§ 404.1512, 404.1513, 404.1527, 416.912, 416.913, 416.927; SSR 06-03p, West's Soc. Sec. Reporting Serv., Rulings 328-33 (Supp. 2012); Boss v. Barnhart, 67 F. App'x 539, 542-43 (10th Cir. 2003) ("The ALJ then examined the remaining medical source opinions and properly weighed them according to the hierarchy and factors set forth in the Commissioner's regulations.").  In general, the hierarchy of opinion evidence as reflected in the regulations, when listed from greater weight to lesser weight is:  the opinion of a treating source, a non-treating source, a non-examining source, "other" medical sources such as nurse-practitioners, "non-medical sources" who have contact with the claimant in their professional capacity such as teachers and counselors, and finally, "other" non-medical sources such as parents.  Compare Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004); with SSR 06-03p, West's Soc. Sec. Reporting Serv., Rulings 328-33 (Supp. 2012).

The place of an opinion within the hierarchy does not automatically establish the weight to be accorded the opinion, but, all other factors being equal, an opinion higher in the hierarchy will be accorded greater weight than an opinion lower in the hierarchy.  It is the ALJ's responsibility to consider all of the factors in accordance with the regulations and rulings and determine whether a particular opinion should be accorded "normal,"

greater, or lesser weight than generally ascribed to an opinion in that place in the

hierarchy.  Here, by stating that "it is a lay opinion based on casual observation rather

than objective medical and testing," the ALJ recognized that Ms. Hill's opinion is that of

a lay witness, and that consequently it is generally accorded lesser weight than are the

opinions of medical sources--which are based on medical evidence and testing.

      The cases cited by Plaintiff do not require a finding of error in this case.  First, the

court notes, as did Plaintiff, that none of the opinions cited are binding on this court.

Moreover, only one of the opinions was decided by a court within the Tenth Circuit, and

that court relied upon the other two cases cited by Plaintiff, which were decided by the

Ninth Circuit Court of Appeals and by the Middle District of Alabama respectively,

without consideration of the law of the Tenth Circuit as discussed above.

      In particular, the court in <u>Bruce</u> stated the law of the Ninth Circuit:

> "In determining whether a claimant is disabled, an ALJ must consider lay
> witness testimony concerning a claimant's ability to work."  <u>Stout v.
> Comm'r</u>, 454 F.3d 1050, 1053 (9th Cir. 2006); <u>see also</u> 20 C.F.R.
> §§ 404.1513(d)(4), (e).  Such testimony is competent evidence and " <u>cannot</u>
> be disregarded without comment." <u>Nguyen v. Chater</u>, 100 F.3d 1462, 1467
> (9th Cir. 1996).  If an ALJ disregards the testimony of a lay witness, the
> ALJ must provide reasons "that are germane to each witness." <u>Id.</u>  Further,
> the reasons "germane to each witness" must be specific. <u>Stout</u>, 454 F.3d at
> 1054 (explaining that "the ALJ, not the district court, is required to provide
> <u>specific</u> reasons for rejecting lay testimony") (emphasis added).

<u>Bruce</u>, 557 F.3d at 1115 (noting that the ALJ erred when he failed to apply this standard

to the testimony of the claimant's wife).  The Ninth Circuit's requirement that the ALJ

must provide specific reasons for rejecting lay witness testimony is directly contrary to

the Tenth Circuit's holding that an ALJ must <u>consider</u> lay witness testimony, but need not make specific written findings regarding each witness's credibility.  <u>Blea</u>, 466 F.3d at 914-15; <u>Adams</u>, 93 F.3d at 715.  The holding of <u>Bruce</u> simply may not be applied by this court.  <u>See also</u> <u>Avila v. Astrue</u>, No. 09-CV-656-TLW, 2011 WL 841069, *4 (N.D. Okla. Mar. 7, 2011) (refusing to apply <u>Bruce</u>).

In <u>Spicer</u>, the court remanded the case because the ALJ erred both in treating the opinion of a disability examiner as a medical opinion, and in providing a legally insufficient reason for rejecting the lay witness opinion of plaintiff's supervisor.  <u>Spicer</u>, 2010 WL 4176313 at *2, 2010 U.S. Dist. LEXIS 110697 at *2.  The ALJ explained his decision to reject the supervisor's opinion:  "The lay statement submitted by the claimant's former supervisor was considered but can be given little or no weight <u>as it cannot be a substitute for, or tantamount to, appropriate medical opinions</u>. <u>Id.</u> (citing SSR 06-03p) (emphasis in original).  The court noted that the ALJ gave only one reason to accord no weight to the supervisors opinion--because it cannot substitute for a medical opinion--and that reason is applicable to <u>every</u> lay witness opinion.  <u>Id.</u>  The court explained that "the ALJ is not required to accept evidence from a 'non-medical source' as true, but he may not reject it solely because it is not 'tantamount to' or 'a substitute for' an opinion from a medical source."  <u>Id.</u>  Therefore, he found that the ALJ provided insufficient reason to reject the lay witness testimony of the supervisor, and remanded for a proper evaluation of the testimony.  <u>Spicer</u>, 2010 WL 4176313 at *2, 2010 U.S. Dist. LEXIS 110697 at *2.

Spicer stands for the unremarkable proposition that a lay witness opinion may not be rejected solely because it is the opinion of a lay witness rather than of a medical source.  That is not what happened here.  As Plaintiff asserts, one of the ALJ's reasons for according "little weight" to Ms. Hill's opinion was that it is a lay opinion which is generally accorded lesser weight than are the opinions of medical sources.  Notably in this case, however, the ALJ provided two additional reasons to discount Ms. Hill's opinion--it is based on family loyalties, and it does not outweigh the accumulated medical evidence regarding claimant's limitations.  (R. 31).

Finally, Plaintiff points to the Hopper opinion from the Eastern District of Oklahoma, which is within the Tenth Circuit.  In Hopper, the ALJ discounted the lay opinion testimony of the claimant's mother, mother-in-law, wife, friend, sister, and daughter because they were dependent on the subjective complaints of the claimant which the ALJ found were not credible, because they were "outweighed by other [unnamed] factors," and because the "family members (especially his wife) have a vested interest in claimant's receiving disability payments."  Hopper, 2011 U.S. Dist. LEXIS 34678 at *13. The court found error because the ALJ failed to properly evaluate the witness statements in accordance with the factors set out in SSR 06-03p, because the ALJ's error in evaluating the claimant's credibility infected his evaluation of the lay witness opinions, and because his rationale "consists of generalized statements that apply to every lay witness opinion."  Hopper, 2011 U.S. Dist. LEXIS 34678 at *14-16 (citing Bruce, 557

F.3d at 1115; and <u>Valentine v. Comm'r Soc. Sec. Admin.</u>, 574 F.3d 685, 694 (9th Cir. 2009).

Different than the case of <u>Hopper</u>, the court here has found that the ALJ properly applied the factors from SSR 06-03p.  Although the ALJ in this case also used generalized statements that apply to every lay witness opinion, not <u>all</u> of his reasons for discounting Ms. Hill's opinion are such generalized statements.  Moreover, the court in <u>Hopper</u> relied extensively on Ninth Circuit case law, including <u>Bruce</u>, in reaching its decision, and failed to consider Tenth Circuit law as discussed herein.  The court is not persuaded by these cases, especially when considering that in the Tenth Circuit an ALJ is not required to state specific reasons for discounting a lay opinion so long as the decision shows that he considered the opinion.  It is clear that the reasons given by the ALJ for discounting Ms. Hill's statement in this case are sufficient.

Plaintiff also points to a recent decision of a court in this district, and asserts that the "regulations do not require granting "little weight" to a lay opinion simply because it is not based on objective testing."  (Pl. Br. 5) (citing <u>King</u>, 2012 WL 1231836, 2012 U.S. Dist. LEXIS 51178).  In <u>King</u>, the court found error in the ALJ's evaluation of the lay witness testimony of the claimant's mother.  <u>Id.</u>, 2012 WL 1231836 at *4.  In relevant part the ALJ's decision in <u>King</u> was identical to the decision here.  The ALJ considered a:

> function report completed by the claimant's mother.  Her opinion is given little weight as it is a lay opinion based on casual observation rather than objective medical and testing.  It is also based upon loyalties of family.  It certainly does not outweigh the accumulated medical evidence regarding

the extent to which the claimant's limitations can reasonably be considered
severe.

King, 2012 WL 1231836 at *4.  The court in King read the ALJ's analysis to discount the

mother's statement merely because it was lay testimony.  Id.  It explained its rationale:

> The Regulations and Rulings regarding third-party observations and
> opinions do not require that lay testimony be given little weight simply
> because it is not based on objective medical testing.  Rather, as noted, they
> recognize that subjective descriptions of symptoms by lay witnesses can
> suggest a greater severity of impairment than can be shown by objective
> medical evidence.  See SSR 96–8p, at*5; SSR 96–7p, at *1; see also 20
> C.F.R. § 416.929(c)(3); 20 C.F.R. § 416.945(a)(3), (e).  A fair reading of
> the ALJ's findings show that he discounted Ms. King's mother's testimony
> because it was lay testimony.  It was only after drawing that conclusion that
> he also indicated he discounted her opinion because it was based on family
> loyalties and that it did not outweigh the accumulated medical evidence.
> Under the Rulings and Regulations cited above, the ALJ must reevaluate
> the testimony without discounting it simply as lay witness evidence.

Id.

The "Regulations and Rulings" on which the court in King relied do not include

SSR 06-03p, or 20 C.F.R. §§ 404.1512, 404.1513, 404.1527, 416.912, 416.913, or

416.927 as discussed herein.  Nor did the court consider or discuss Tenth Circuit law as

explained in the cases of Blea, 466 F.3d at 914-15; or Adams, 93 F.3d at 715.  Rather, the

King court considered SSR 96-7p which relates to assessing the credibility of a claimant's

allegation of symptoms, SSR 96-8p which relates to assessing a claimant's RFC, 20

C.F.R. § 416.929(c)(3) which relates to assessing the credibility of a claimant's allegation

of symptoms, and 20 C.F.R. § 416.945(a)(3), (e) which relate to assessing a claimant's

RFC.  20 C.F.R. § 416.929(c)(3) explains that in evaluating the credibility of a claimant's

18

allegations of symptoms the Commissioner will <u>consider</u> all of the record evidence, including symptom-related functional limitations and restrictions reported by third parties.  20 C.F.R. § 945.945(a)(3), (e) explains that in assessing a claimant's RFC the Commissioner will <u>consider</u> all relevant evidence, including observations and descriptions of limitations provided by family, neighbors, friends, or other persons.  The "Regulations and Rulings" relied upon by the <u>King</u> court are <u>consistent with and do not add to</u> the requirements for considering lay witness opinions as discussed herein.  But, the <u>King</u> court did not consider that relevant standard for considering lay witness opinion.

Moreover, this court does not read the rationale provided by the ALJ for discounting the lay opinion statement so narrowly as did the court in <u>King</u>.  As discussed above, the court finds that the ALJ provided three reasons for according "little weight" to Ms. Hill's opinion:  (1) it is a lay opinion which is generally accorded lesser weight than are the opinions of medical sources (2) it is based on family loyalties, and (3) it does not outweigh the accumulated medical evidence regarding claimant's limitations.

The court finds no error in the final decision of the Commissioner.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING that decision.

Dated this 19th day of February 2013, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**